UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

NCL (BAHAMAS) LTD., d/b/a
NORWEGIAN CRUISE LINE,

    Plaintiff,

v.

GROHE AG, a German company;
GROHE HOLDING GmbH, a German company;
GROHE GROUP, S.a.r.l., a Luxembourg company;
GROHE AMERICA, INC., a Delaware corporation

    Defendants.
_____/

## COMPLAINT

Plaintiff, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE ("Norwegian"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files this Complaint and Demand for Jury Trial against Defendants, GROHE AG, a German company; GROHE HOLDING GmbH, a German company; GROHE GROUP, S.a.r.l., a Luxembourg company; GROHE AMERICA, INC., a Delaware corporation (collectively "Grohe"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for contribution, indemnity, equitable subrogation, and negligent misrepresentation arising out of the settlement of a lawsuit brought against Norwegian by ANDRES RAMIREZ ("Ramirez") that sounded in negligence under the general maritime law of the United States.

2. This action seeks damages in excess of seventy-five thousand dollars ($75,000.00).

1

3. This matter arises out of a maritime and admiralty claim and is controlled by the federal general maritime law of the United States. 28 U.S.C. § 1333.

4. Jurisdiction also arises within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367, as the claims are so related to the claims in the action brought by Ramirez against Norwegian under case no. 20-CV-23539, that they form a part of the same case or controversy.

5. Plaintiff also asserts all claims arising and relating to Florida state law under the Savings to Suitors Clause of 28 U.S.C. § 1333(1).

6. For purposes of this litigation, Plaintiff, Norwegian, was and is a foreign corporation, with its principal place of business in Miami-Dade County, Florida, and doing business within the State of Florida.

7. At all times material hereto, ANDRES RAMIREZ, was and is a citizen of the United States and resident of the State of Florida, and more particularly of Miami-Dade County, and is otherwise *sui juris*.

8. At all times material hereto, Defendant, GROHE AG, was and is a foreign corporation engaged in substantial and continuous business activities within the United States and the State of Florida. GROHE AG regularly conducts business with Florida corporations, supplies its products to Florida corporations for sale in Florida, profits from the sale of its products in the State of Florida, put its products into the stream of commerce in Florida, maintains agents and/or distributors for its products in the State of Florida, and whose product caused injury to a resident of the State of Florida at a time when products, materials, or things processed, serviced, or manufactured by GROHE AG were used or consumed within the State of Florida in the ordinary course of commerce. GROHE AG is therefore subject to personal jurisdiction in the State of Florida pursuant to Florida Statute § 48.193.

9. Defendant GROHE AG is a subsidiary of Defendant GROHE HOLDING GmbH.

10. At all times material hereto, Defendant, GROHE HOLDING GmbH, was and is a foreign corporation engaged in substantial and continuous business activities within the United States and the State of Florida. GROHE HOLDING GmbH regularly conducts business with Florida corporations, supplies its products to Florida corporations for sale in Florida, profits from the sale of its products in the State of Florida, put its products into the stream of commerce in Florida, maintains agents and/or distributors for its products in the State of Florida, and whose product caused injury to a resident of the State of Florida at a time when products, materials, or things processed, serviced, or manufactured by GROHE HOLDING GmbH were used or consumed within the State of Florida in the ordinary course of commerce. GROHE HOLDING GmbH is therefore subject to personal jurisdiction in the State of Florida pursuant to Florida Statute § 48.193.

11. Defendant GROHE HOLDING GmbH is a wholly owned subsidiary of GROHE GROUP, S.a.r.l.

12. At all times material hereto, Defendant, GROHE GROUP, S.a.r.l., was and is a foreign corporation engaged in substantial and continuous business activities within the United States and the State of Florida. GROHE GROUP, S.a.r.l. regularly conducts business with Florida corporations, supplies its products to Florida corporations for sale in Florida, profits from the sale of its products in the State of Florida, put its products into the stream of commerce in Florida, maintains agents and/or distributors for its products in the State of Florida, and whose product caused injury to a resident of the State of Florida at a time when products, materials, or things processed, serviced, or manufactured by GROHE GROUP, S.a.r.l. were used or consumed within the State of Florida in the ordinary course of commerce. GROHE GROUP,

S.a.r.l. is therefore subject to personal jurisdiction in the State of Florida pursuant to Florida Statute § 48.193.

13. At all times material hereto, Defendant, GROHE AMERICA, INC., was and is a foreign corporation engaged in substantial and continuous business activities within the United States and the State of Florida. GROHE AMERICA, INC. regularly conducts business with Florida corporations, supplies its products to Florida corporations for sale in Florida, profits from the sale of its products in the State of Florida, put its products into the stream of commerce in Florida, maintains agents and/or distributors for its products in the State of Florida, and whose product caused injury to a resident of the State of Florida. GROHE AMERICA, INC. is therefore subject to personal jurisdiction in the State of Florida pursuant to Florida Statute § 48.193.

14. Defendant GROHE AMERICA, INC. is a subsidiary of GROHE GROUP, S.a.r.l.

## GENERAL ALLEGATIONS

15. On December 31, 2019, Ramirez was a passenger onboard the Norwegian *Escape*.

16. On said date, Ramirez claimed that he was scalded by hot water from his cabin shower.

17. Further on said date, the thermostatic shower mixer in Ramirez' cabin shower was designed, manufactured, and sold by Defendants, Grohe, under product number 34150000 (hereinafter "Grohe shower mixer").

18. The subject Grohe shower mixer was installed in the cabin occupied by Ramirez on the Norwegian *Escape* at the time of the ship's construction.

19. The product specifications for the subject Grohe shower mixer indicated that the variance in the temperature range permitted by the subject Grohe shower mixer was 70 degrees Fahrenheit to 115 degrees Fahrenheit.

20. On the date of the Ramirez incident the subject Grohe shower mixer in the Ramirez cabin permitted the flow of hot water that exceeded 115 degrees Fahrenheit.

21. At all material times Grohe had a duty to exercise reasonable care in the design, testing, manufacturing, selling, and distributing the subject Grohe shower mixer

22. At all material times Grohe had a duty to design, test, manufacture, sell, and distribute the subject Grohe shower mixer so that it is reasonably safe for its intended use and for other uses which are reasonably foreseeable.

23. At all material times Grohe had a duty to warn foreseeable users about any dangers inherent in the subject Grohe shower mixer or its dangerous propensities, and to warn of any dangers in using the subject Grohe shower mixer by those who may not fully appreciate the possibility of such dangers.

24. At all material times Grohe had a duty to inspect and determine that the subject Grohe shower mixer was properly designed, manufactured, constructed, and installed pursuant to the appropriate specifications and industry standards and with proper materials to maintain normal wear and tear.

25. At all material times Grohe had a duty to create a reasonably safe and adequately manufactured Grohe shower mixer.

26. The subject Grohe shower mixer was delivered to Norwegian already installed in the Ramirez cabin on the Norwegian *Escape*.

27. As a direct and proximate result of the failure of the subject Grohe shower mixer to prevent hot water from exceeding 115 degrees Fahrenheit, Ramirez was caused to suffer third degree burns, requiring skin grafts, and resulting in severe scarring.

28. On August 25, 2020, Ramirez initiated a lawsuit for negligence against Norwegian for damages caused by the subject Grohe shower mixer in the United States District Court in the Southern District of Florida under case no. 20-CV-23539.

29. Due to the substantial injuries and damages sustained by Ramirez resulting from the defective Grohe shower mixer, Norwegian settled Ramirez' claims arising from the malfunctioning and defective Grohe shower mixer in Ramirez' cabin.

30. As part of the settlement of Ramirez' claims, Norwegian obtained a General Release in its favor as well as in favor of third parties, including but not limited to sellers, distributors and/or manufacturers of all component parts, for any and all damages related to Ramirez' December 31, 2021 incident on the Norwegian *Escape*. The General Release also specifically preserves any and all claims Norwegian may have against Grohe and assigns any and all rights of Ramirez' claims to Norwegian regarding any claims Ramirez may have against any third party.

31. The settlement entered into between Ramirez and Norwegian was reasonable.

32. As a result, Norwegian is entitled to recover contribution, indemnity, and/or equitable subrogation against Grohe under the general maritime law of the United States, arising from any and all sums paid by Norwegian to Ramirez in the settlement of Ramirez' claims.

33. Norwegian has complied with any and all conditions precedent for filing this Complaint.

### COUNT I – CONTRIBUTION
(Against all Grohe Defendants)

34. Norwegian repeats and incorporates by reference the allegations contained in paragraphs 1 through 26, as if they were fully alleged herein.

35. Ramirez filed a lawsuit against Norwegian alleging that he was injured as a result of the malfunctioning and defective Grohe shower mixer in Ramirez' cabin onboard the Norwegian *Escape*.

36. Grohe as the designer, manufacturer, seller, distributor and marketer of the subject Grohe shower mixer, had a duty and obligation to properly design, inspect, test, manufacture, construct, sell and distribute the subject Grohe shower mixer, and to provide appropriate written warnings or instructions pertaining to the inspection, use, maintenance, troubleshooting or repair of the subject Grohe shower mixer. Further, Grohe had a duty to warn of the defect or unreasonably dangerous condition of the subject Grohe shower mixer installed in Ramirez cabin onboard the Norwegian *Escape*.

37. Ramirez' injuries and damages were caused by the defective Grohe shower mixer as designed, manufactured, sold, and distributed by Grohe and or the negligence, strict liability, breach or other fault of Grohe in its duties pertaining to the design, testing, inspection, construction, manufacturing, selling, and distributing the subject Grohe shower mixer or in failing to provide appropriate written warnings, instructions, and specifications pertaining to the inspection, use, maintenance, troubleshooting or repair of the subject Grohe shower mixer, as alleged above.

38. As a direct and proximate result of the substantial injuries and damages sustained by Ramirez resulting from the defective Grohe shower mixer, Norwegian settled Ramirez' claims and obtained a release of those claims as described above.

39. As a result, Norwegian is entitled to recover contribution from Grohe for its pro rata share of responsibility for sums paid by Norwegian to Ramirez in settlement of Ramirez' tort-based claims.

   WHEREFORE, Norwegian demands judgment against Grohe for its pro rata share of all sums paid by Norwegian to Ramirez in settlement of Ramirez' tort-based claims, a trial by jury of all issues so triable, and all other relief which this court deems just and proper.

## **COUNT II – INDEMNITY**
(Against all Grohe Defendants)

40. Norwegian repeats and incorporates by reference the allegations contained in paragraphs 1 through 26, as if they were fully alleged herein.

41. Ramirez filed a lawsuit against Norwegian alleging that he was injured as a result of the malfunctioning and defective Grohe shower mixer in Ramirez' cabin onboard the Norwegian *Escape.*

42. Any liability attributable to Norwegian for Ramirez' claims is solely based on Norwegian being vicariously, derivatively, strictly, or technically liable under the general maritime law for the defectively designed and manufactured Grohe shower mixer and/or for the negligence, strict liability, breach or other fault of Grohe in its duties pertaining to the design, testing, inspection, manufacturing, selling, and distributing of the subject Grohe shower mixer or in failing to provide appropriate written warnings or instructions pertaining to the use maintenance, or repair of the Grohe shower mixer, as discussed above, and not as the result of any negligence or other active fault of Norwegian.

43. As a direct and proximate result of the negligence, strict liability, breach or other fault of Grohe as alleged above, Norwegian was exposed to liability to Ramirez for injuries and damages arising from the defective Grohe shower mixer, and not as the result of any negligence or fault of Norwegian.

44. As a direct and proximate result of the substantial injuries and damages sustained by Ramirez resulting from the defective Grohe shower mixer, Norwegian settled Ramirez' claims and obtained a release of Ramirez' claims as described above.

45. As a result, Norwegian is entitled indemnification from Grohe for sums paid by Norwegian to Ramirez in settlement of Ramirez' tort-based claims.

WHEREFORE, Norwegian demands judgment against Grohe for indemnity for all sums paid by Norwegian to Ramirez in settlement of Ramirez' tort-based claims, attorney's fees and costs incurred by Norwegian in defense against claims brought by Ramirez, a trial by jury of all issues so triable, and all other relief which this court deems just and proper.

### COUNT III – EQUITABLE SUBROGATION
(Against all Grohe Defendants)

46. Norwegian repeats and incorporates by reference the allegations contained in paragraphs 1 through 26, as if they were fully alleged herein.

47. Ramirez filed a lawsuit against Norwegian alleging that he was injured as a result of the malfunctioning and defective Grohe shower mixer in Ramirez' cabin onboard the Norwegian *Escape.*

48. Any liability attributable to Norwegian for Ramirez' claims is solely based on Norwegian being vicariously, derivatively, strictly, or technically liable under the general maritime law for the defectively designed and manufactured Grohe shower mixer and/or for the negligence, strict liability, breach or other fault of Grohe in its duties pertaining to the design, testing, inspection, manufacturing, selling, and distributing of the subject Grohe shower mixer or in failing to provide appropriate written warnings or instructions pertaining to the use maintenance, or repair of the Grohe shower mixer, as discussed above, and not as the result of any negligence or other active fault of Norwegian.

49. As a direct and proximate result of the negligence, strict liability, breach or other fault of Grohe as alleged above, Norwegian was exposed to liability to Ramirez for injuries and damages

arising from the defective Grohe shower mixer, and not as the result of any negligence or fault of Norwegian.

50. As a direct and proximate result of the substantial injuries and damages sustained by Ramirez resulting from the defective Grohe shower mixer, Norwegian settled Ramirez' claims and obtained a release of Ramirez' claims as described above.

51. The amounts that Norwegian paid to Ramirez for the settlement of Ramirez' claims were made solely to protect the interests of Norwegian for a debt or obligation that would be the primary responsibility of Grohe. Accordingly, Norwegian has discharged any obligation or liability attributable to Grohe on Ramirez' claims, and therefore Grohe cannot be equitably permitted to retain the benefit thus conferred.

52. Consequently, Grohe is responsible for the amounts paid by Norwegian to Ramirez for the settlement of Ramirez claims, together with the attorney's fees and costs incurred by Norwegian in defending itself in Ramirez' action.

53. The granting of equitable subrogation to the Norwegian against Grohe would not work any injustice to the rights of any third-party.

WHEREFORE, Norwegian demands judgment against Grohe for equitable subrogation for all sums paid by Norwegian to Ramirez in settlement of Ramirez' tort-based claims, attorney's fees and costs incurred by Norwegian in defense against claims brought by Ramirez, a trial by jury of all issues so triable, and all other relief which this court deems just and proper.

## COUNT IV – NEGLIGENT MISREPRESENTATION
(Against all Grohe Defendants)

54. Norwegian repeats and incorporates by reference the allegations contained in paragraphs 1 through 26, as if they were fully alleged herein.

55. Ramirez filed a lawsuit against Norwegian alleging that he was injured as a result of the malfunctioning and defective Grohe shower mixer in Ramirez' cabin onboard the Norwegian *Escape*.

56. Grohe as the designer, manufacturer, seller, distributor and marketer of the subject Grohe shower mixer, had a duty and obligation to properly design, inspect, test, manufacture, construct, sell and distribute the subject Grohe shower mixer, and to provide appropriate written warnings or instructions pertaining to the inspection, use, maintenance, troubleshooting or repair of the subject Grohe shower mixer. Further, Grohe had a duty to warn of the defect or unreasonably dangerous condition of the subject Grohe shower mixer installed onboard the Norwegian *Escape*.

57. Ramirez' injuries and damages were caused by the defective Grohe shower mixer as designed, manufactured, sold, and distributed by Grohe and or the negligence, strict liability, breach or other fault of Grohe in its duties pertaining to the design, testing, inspection, construction, manufacturing, selling, and distributing the subject Grohe shower mixer or in failing to provide appropriate written warnings, instructions, and specifications pertaining to the inspection, use, maintenance, troubleshooting or repair of the subject Grohe shower mixer, as alleged above.

58. As a direct and proximate result of the substantial injuries and damages sustained by Ramirez resulting from the defective Grohe shower mixer, and the substantial exposure faced by Norwegian, Norwegian was compelled to settle Ramirez' claims and to obtain a release of those claims as described above.

59. The product specifications for the subject Grohe shower mixer were created, furnished, and made available by Grohe to represent to Grohe's prospective and current customers material

information regarding, among other things, the adjustable temperature range for the Grohe shower mixer.

60. The representations contained in the product specifications were made by Grohe to induce its prospective or current customers to purchase and/or continue purchasing the Grohe shower mixer instead of purchasing a similar or substitute product through a different manufacturer, vendor, or distributor.

61. Norwegian had no knowledge and no way of knowing that the subject Grohe shower mixer would not limit the maximum water temperature to 115 degrees Fahrenheit as stated in the product specifications for the subject Grohe shower mixer.

62. Grohe failed to exercise reasonable care in ascertaining the accuracy of the information regarding the subject Grohe shower mixer and other failed to exercise reasonable care in communicating the correct information to Norwegian.

63. Grohe knew or should have known that its representations and communications regarding the Grohe shower mixer were either false or omitting material information, but nonetheless made its representations in order to induce customers, like Norwegian, to enter future agreements to purchase Grohe products rather than risk losing future business to a different vendor or distributor.

64. In reasonable reliance on Grohe's misrepresentations and material omissions, Norwegian was induced and did agree to purchase or approve the purchase and use of the Grohe shower mixer as a shower component in the Norwegian *Escape*.

65. As a direct and proximate result of the aforementioned misrepresentations and material omissions, Norwegian has suffered damages in the form of paying sums to Ramirez in settlement of Ramirez' above-described claims.

WHEREFORE, Norwegian demands judgment against Grohe for its damages, costs, a trial by jury of all issues so triable, and all other relief which this court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable as a matter of law.

Dated: April 13, 2022.
Miami, FL

Respectfully submitted,

BY: */s/ Adam C. Loeb*
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@fflegal.com
Adam C. Loeb, Esq.
Florida Bar No. 056217
aloeb@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Plaintiff*